IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTINA LYNN REISE, individually and on behalf of all other similarly situated persons,<br><br>ALAN MILLER, individually and on behalf of all other similarly situated persons, and<br><br>SHARON JONES, individually and on behalf of all other similarly situated persons,<br><br>    Plaintiffs,<br><br>v.<br><br>CITY OF CALVERTON PARK, MISSOURI, and<br><br>SEAN GIBBONS, in his individual capacity,<br><br>    Defendants. | Cause No.:  4:23-cv-01335-SEP |

**MEMORANDUM IN SUPPORT OF
<u>DEFENDANT CITY OF CALVERTON PARK'S MOTION TO DISMISS</u>**

Each of the five counts in the Plaintiffs' Complaint purports to bring a claim against the City of Calverton Park under 42 USC § 1983.  However, a City may only be liable for its own unconstitutional policy or custom that is the moving force behind a constitutional violation. *Monell v. Department of Soc. Servs.,* 436 U.S. 658, 694 (1978). Therefore, ultimately:

> Plaintiffs who seek to impose liability on local governments under § 1983 must prove that action pursuant to official municipal policy caused their injury. Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law. These are action[s] for which the municipality is actually responsible.

*Connick v. Thompson*, 563 U.S. 51, 60–61 (2011) (citations omitted, cleaned up).

In this case, despite the use of the phrase "policy, custom and practice,"[1] Plaintiffs have not identified an express "policy" of the City upon which their claim is based; rather they appear to seek to establish liability based upon custom.[2] Plaintiffs must plead an actionable custom by facts demonstrating:

> (1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and (3) Th[e] plaintiff['s] injur[y] by acts pursuant to the governmental entity's custom, *i.e.,* [proof] that the custom was the moving force behind the constitutional violation.

*Ware v. Jackson Cnty., Mo.*, 150 F.3d 873, 880 (8th Cir. 1998) (citations omitted).  It is on the second element that Plaintiffs' Complaint most conspicuously fails.

Proving municipal liability upon a custom requires Plaintiffs to meet "stringent" and "rigorous" standards of "culpability and causation" in order "to prevent § 1983 liability from collapsing into state tort law or into respondeat superior liability, an intent not contemplated by § 1983." *Shrum ex rel. Kelly v. Kluck*, 249 F.3d 773, 778 (8th Cir. 2001) (citations omitted). "Notice is the touchstone of deliberate indifference in the context of § 1983 municipal liability," but Plaintiffs must also prove "that the defendant 'made a deliberate choice' to ignore alleged violations." *Tirado v. City of Minneapolis*, 521 F. Supp. 3d 833, 843 (D. Minn. 2021) (citations omitted). "The 'deliberate indifference' requirement ensures that the city's conduct was the 'moving force' behind the constitutional violation." *Id*. at 843 (citation omitted). To constitute a

---

[1] See, e.g., Complaint at ¶¶ 3,4,6 and 7.

[2] *Id*. at ¶¶3-7.  See *Agnew v. St. Louis Cnty.*, 504 F. Supp. 3d 989, 1003 (E.D. Mo. 2020) (recognizing that the "Eighth Circuit carefully differentiates between municipal liability claims based on an unofficial 'custom' and those based on an official 'policy.'") (citing *Ware v. Jackson County, Mo.*, 150 F.3d 873, 880 (8th Cir. 1998)).

"moving force," the municipality's conduct must be deliberate, and "plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Board of County Com'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 404 (U.S. (Tex.), 1997). These indispensable elements of the claim, on which Plaintiffs bear the ultimate burden of proof, must be supported by facts at the pleading stage. See e.g., *Animal Legal Def. Fund v. Vaught*, 8 F.4th 714, 718 (8th Cir. 2021) (recognizing the application of such requirement to elements of standing) (citations omitted).

*How* the City may act deliberately is a necessary threshold question, exclusively a matter of state law, and must be identified by this Court. *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201, 1214 (8th Cir. 2013) (determination of a final policymaker is not a jury question.); *Soltesz v. Rushmore Plaza Civic Ctr.*, 847 F.3d 941, 946 (8th Cir. 2017) (need for the trial judge to identify a final policymaker is beyond debate). Further, "federal courts are not justified in assuming that municipal policymaking authority lies somewhere other than where the applicable law purports to put it." *Id*. (citations, internal quotation marks omitted). Therefore, the Plaintiffs' allegations in the Complaint as to the identity of the City's "official policymakers" – which have been *incorrectly* identified as the mayor, police chief and code enforcement official[3] – are legal conclusions to be disregarded, even if Plaintiffs were given the benefit of the term "official policymakers" being construed to mean "final policymakers."

The City of Calverton Park incorporated as a City of the Fourth Class in 2014. Accordingly, from that time, the *final policymakers* – i.e., the only ones capable of acting with requisite culpability for municipal liability - were the *collective of the mayor and board of*

---

[3] Complaint ¶¶ 216, 218, 221.

3

*aldermen* as a matter of Missouri statute. §79.110 R.S.Mo.[4] The mayor alone lacks even the authority to cast a vote, except in cases of a tie (§ 79.120 R.S.Mo.),[5] his communications to the board are regarded as mere opinion (§79.210 R.S.Mo.),[6] and he cannot remove an appointive officer without the majority of the board approval (§79.240 R.S.Mo.).[7] Thus, only the collective of the mayor and board of alderman controls final policy in a fourth class city: "[I]n a fourth-class city, it is the 'mayor and board of aldermen,' collectively, who have 'management and control of the city and its finances' pursuant to § 79.110, RSMo." *Blakeney v. City of Pine Lawn, Missouri*, 4:19-CV-02017-SNLJ, 2020 WL 4569175, at *7 (E.D. Mo. Aug. 7, 2020) (citing *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201, 1206 (8th Cir. 2013) (noting that it was the mayor and city council of a fourth-class city who had "final authority on the police department's policies"); and *Copeland v. Locke*, 613 F.3d 875, 882 (8th Cir. 2010) ("Under Missouri state law, the mayor and the board of aldermen of a [Fourth Class City] are the final policymakers for the 'good government of the city [and] the preservation of peace and good order.' ").

Calverton Park can only act deliberately through its collective mayor and board of aldermen; no action or inaction may be attributed to the City without the knowing participation of

---

[4] "The mayor and board of aldermen of each city governed by this chapter shall have the care, management and control of the city and its finances, and shall have power to enact and ordain any and all ordinances not repugnant to the constitution and laws of this state, and such as they shall deem expedient for the good government of the city, the preservation of peace and good order, the benefit of trade and commerce and the health of the inhabitants thereof, and such other ordinances, rules and regulations as may be deemed necessary to carry such powers into effect, and to alter, modify or repeal the same."

[5] "The mayor shall have a seat in and preside over the board of aldermen, but shall not vote on any question except in case of a tie, nor shall he preside or vote in cases when he is an interested party. He shall exercise a general supervision over all the officers and affairs of the city, and shall take care that the ordinances of the city, and the state laws relating to such city, are complied with."

[6] "The mayor shall, from time to time, communicate to the board of aldermen such measures as may, in his opinion, tend to the improvement of the finances, the police, health, security, ornament, comfort and general prosperity of the city."

[7] Stating in pertinent part: "The mayor may, with the consent of a majority of all the members elected to the board of aldermen, remove from office any appointive officer of the city at will, and any such appointive officer may be so removed by a two-thirds vote of all the members elected to the board of aldermen, independently of the mayor's approval or recommendation. The board of aldermen may pass ordinances regulating the manner of impeachments and removals."

4

its board. To hold otherwise ignores state law fixing the City's policymakers, and the Supreme Court law mandating that a City be held responsible only for *its own* deliberate actions. Yet, the Complaint makes no mention whatsoever of the board of alderman, only the individual mayor, police chief and code official. Complaint at ¶¶210-223. The Complaint therefore lacks allegations of any action or inaction by the City's actual final policymaking body, instead attributing what Plaintiffs contend to be culpable knowledge to individuals who are legally incapable of expressing deliberate indifference, tacitly or otherwise, on behalf of the City. *Id.* This is fatal to all claims against Calverton Park.

Even were Plaintiffs' Complaint generously construed to advance a "policy" theory rather than one arising from "custom," it would fail for the same reason. "Policy" for purposes of § 1983 connotes deliberate action by the municipality, which can only be expressed through its final policymakers. See, e.g., *Agnew v. St. Louis Cnty.*, 504 F. Supp. 3d 989, 1004 (E.D. Mo. 2020) (finding failure to state a policy claim upon lack of action by those with final policymaking authority). The volume of conclusory allegations from the Plaintiffs does not satisfy their burden to plead a factual basis for municipal liability. *Id*. The City of Calverton Park's motion to dismiss should therefore be GRANTED.

                                            Respectfully submitted,

                                            HELLMICH, HILL & RETTER, LLC

                                            */s/ Blake D. Hill*
                                            Blake D. Hill, #58926MO
                                            1049 North Clay Avenue
                                            Kirkwood, MO  63122
                                            314-646-1110 – Phone; 314-646-1122 – Fax
                                            blake@hellmichhillretter.com
                                            *Attorneys for Defendants*

5

**CERTICATE OF SERVICE**

  The undersigned hereby certifies that a true and correct copy of the foregoing was filed with the Court's electronic filing system, with notice of case activity to be generated and sent electronically by the Clerk of said Court on the 25th day of January 2024 to all counsel of record.

/s/ <i>Blake D. Hill</i>