IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTINA REISE, *et al.*, individually and on behalf of other similarly situated individuals,<br><br>    Plaintiffs,<br><br>v.<br><br>CITY OF CALVERTON PARK, *et al.*,<br><br>    Defendants. | Case No. 4:23-cv-01335-SEP |

## CONSENT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Plaintiffs,[1] on behalf of themselves and all others similarly situated, with consent of Defendants City of Calverton Park (the "City") and Sean Gibbons (collectively, "Defendants" and each a "Defendant") (collectively, the "Parties") hereby move this Court for an Order preliminarily approving the terms of a proposed class action settlement; certifying the classes for settlement purposes only pursuant to Rule 23 of the Federal Rules of Civil Procedure; approving the form and method of providing notice of the class action settlement to the classes; appointing Class Counsel; designating Class Representatives; and scheduling a final approval hearing regarding the settlement. In support of this Motion, and as set forth in more detail in the accompanying Memorandum, Plaintiffs respectfully state as follows:

1. In the above-captioned case, Plaintiffs allege Defendants violated the U.S. Constitution in connection with its practice of towing vehicles from private property for having expired license plates or lacking license plates without adequate notice or opportunity to be heard and its practice of assessing truly irrational fees associated with the cost of towing.

---

[1] The named Plaintiffs and proposed Class Representatives are Christina Reise, Sharon Jones, Alan Miller, Jessica Smith, and Michael White (collectively, "Plaintiffs" and each a "Plaintiff").

2. Defendants have denied and continue to deny Plaintiffs' claims and allegations in the above-captioned action and Defendants deny any wrongdoing or liability of any kind to Plaintiffs or to any class member.

3. On June 26, 2025, Plaintiffs and Defendants negotiated a class action Settlement Agreement which will resolve in full Plaintiffs' claims in the above-captioned case. The Settlement—which was the product of arms' length negotiations and a full day before a neutral mediator —will provide meaningful compensation to the proposed classes and avoids the risks and delay of further litigation.

4. "The policy in federal court favoring the voluntary resolution of litigation through settlement is particularly strong in the class action context." *In re Zurn Pex Plumbing Prods. Liab. Litig.*, 08-MDL-1958 ADM/AJB, 2013 WL 716088, at *6 (D. Minn. Feb. 27, 2013). "The court's role in reviewing a negotiated class settlement is 'to ensure that the agreement is not the product of fraud or collusion and that, taken as a whole, it is fair, adequate, and reasonable to all concerned.'" *Marshall v. Nat'l Football League*, 787 F.3d 502, 509 (8th Cir. 2015) (quoting *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 934 (8th Cir. 2005)).

5. Factors considered in determining whether a class action settlement is fair, reasonable, and adequate support approval of the Settlement for the reasons set forth in the accompanying Memorandum. *See* Fed. R. Civ. P. 23(e)(2); *see also Risch v. Natoli Eng'g Co., LLC*, 4:11CV1621 AGF, 2012 WL 3242099, at *2 (E.D. Mo. Aug. 7, 2012).

6. The Settlement provides compensation to the proposed classes that the Parties seek to certify pursuant to Federal Rule of Civil Procedure 23(b)(3) for settlement purposes only. In particular, the Parties request that the Court provisionally certify two classes for settlement purposes only: the Tow Class—which will be composed of two subclasses—and the Special Tax Bill Class, as defined below:

**Tow Class:** All persons whose vehicles were seized from private property, from September 25, 2018, to June 26, 2025, at the direction of the City of Calverton Park due to an alleged violation of a municipal nuisance ordinance.

**Non-Recovered Vehicle Subclass:** All members of the Tow Class who did not recover their vehicles from the tow lot.

**Recovered Vehicle Subclass:** All members of the Tow Class who recovered their vehicles from the tow lot.

**Special Tax Bill Class:** All persons who paid an abatement fee, called a Special Tax Bill, associated with a vehicle towed between September 25, 2018, to June 26, 2025, at the direction of the City of Calverton Park due to an alleged violation of a municipal nuisance ordinance.

7. The Parties agree, for settlement purposes only, that the proposed classes satisfy all requirements of Rule 23(a): numerosity, commonality, typicality, and adequacy of representation. The requirements of Rule 23(b)(3) are also satisfied because "questions of law or fact common to class members predominate over any questions affecting only individual members" and "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." *Claxton v. Kum & Go, L.C.*, 6:14-CV-03385-MDH, 2015 WL 3648776, at *4 (W.D. Mo. June 11, 2015). Accordingly, conditional certification of the Classes for settlement purposes only is appropriate.

8. The Plaintiffs also request the Court's approval of their proposed plan to provide notice of the Settlement. The plan contemplates direct notice to members of the class, as well as publication of the Settlement in the *St. Louis American* and by displaying notice in Calverton Park City Hall. The Notice—which will be in substantially the same form as Exhibit 3 to the Settlement Agreement—will describe the Settlement, advise class members of their rights to opt out of or object to the Settlement, and provide the date of the Final Approval Hearing to be scheduled by this Court.

9. The proposed notice plan is reasonable. "Notice of a settlement proposal need only be as directed by the district court . . . and reasonable enough to satisfy due process." *DeBoer v.*

3

*Mellon Mortg. Co.*, 64 F.3d 1171, 1176 (8th Cir. 1995). The notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, MDL 1559 4:03-MD-015, 2004 WL 3671053, at *8 (W.D. Mo. Apr. 20, 2004) (quoting *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1153 (8th Cir. 1999)).

10. Finally, Plaintiffs request that this Court schedule a Final Approval Hearing, at which the Court will consider whether to grant final approval of the Settlement and determine the amount of any attorneys' fees and costs awarded to Class Counsel and Service Awards awarded to the Class Representatives.

WHEREFORE, Plaintiffs respectfully request that the Court enter an Order (1) preliminarily approving the proposed class action settlement; (2) certifying the Settlement Classes for settlement purposes only; (3) appointing Christina Reise, Alan Miller, and Jessica Smith representatives of the Recovered Vehicle Subclass; (4) appointing Michael White representative of the Non-Recovered Vehicle Subclass; (5) appointing Sharon Jones, Christina Reise, and Michael White representatives of the Special Tax Bill Class; (6) appointing as Settlement Class Counsel Maureen Hanlon, Brianna Coppersmith, and Lee Camp of ArchCity Defenders; (6) approving the Notice and dissemination of Notice to the Class Members; and (7) scheduling a Final Approval Hearing.

Dated:  October 6, 2025                                    Respectfully submitted,

**ARCHCITY DEFENDERS, INC.**

By: /s/ Brianna Coppersmith
Maureen G. V. Hanlon (MBE #70990 MO)
Brianna Coppersmith (MBE #75515MO)
Lee Camp (MBE #67072 MO)
440 N. 4th Street, Suite 390
Saint Louis, MO 63102
855-724-248 ext. 1040

4

                                      314-925-1307 (fax)
                                      mhanlon@archcitydefenders.org
                                      bcoppersmith@archcitydefenders.org
                                      lcamp@archcitydefenders.org
*Attorneys for Plaintiffs and Proposed Class Counsel*